UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>SNYDER, STUART SCOTT and DOREEN ANNE,<br>    Debtors,<br><br>SNYDER, STUART SCOTT and DOREEN ANNE,<br>    Appellants,<br><br>v.<br><br>JOSEPH J. MURPHY and NANCY A. MURPHY,<br>    Appellees. | Civil Action No.<br>3:16 - CV - 956 (CSH)<br><br>Bankr. No. 15-50553<br>Chapter 7[1]<br><br><br><br>JANUARY 14, 2017 |

**RULING ON APPELLANTS' MOTION TO DISMISS [Doc. 7]**

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

On June 2, 2016, the United States Bankruptcy Court for the District of Connecticut entered an order denying the "Motion to Avoid Liens Pursuant to 11 U.S.C. § 522(f)(1)" of bankruptcy debtors Stuart Scott Snyder and Doreen Anne Snyder. *See In Re Snyder*, Bankr. No. 15-50533, Doc. 157 (Bankr. D. Conn.). On June 16, 2016, the Snyders commenced an appeal in this Court with

---

[1] Stuart Scott Snyder and Doreen Anne Snyder commenced their bankruptcy action on April 23, 2015 by filing a joint voluntary petition pursuant Chapter 11. Upon motion by creditors Joseph J. Murphy and Nancy A. Murphy, also appellees in the present case, Chief Bankruptcy Judge Manning converted the Snyder's case from Chapter 11 status to Chapter 7 on June 1, 2016. *See In Re Snyder*, Bankr. No. 15-50533, Doc. 158 (Bankr. D. Conn. June 2, 2016).

respect to the denial of that motion. On June 13, 2016, the Snyders (hereinafter "Appellants") filed a post-judgment motion [Doc. 165] in bankruptcy court, seeking relief under each prong of Federal Rule 8002(b)(1)(A)-(D) of Bankruptcy Procedure. Specifically, Appellants moved: "to amend or make additional findings [of fact] under Rule 7052," "to alter or amend the judgment under Rule 9023," "for a new trial under Rule 9023," or "for relief under Rule 9024" (because the motion was "filed within 14 days after the judgment [was] entered"). *In re Snyder*, Doc. 165 ("Motion" for reconsideration of the bankruptcy court's order denying Debtors' Motion to Avoid Lien). Under those circumstances, the Snyders' time to file a notice of appeal was tolled while the Rule 8000(b)(1) motion was pending. Fed. R. Bankr. P. 8002(b)(2). On September 29, 2016, the bankruptcy court granted the post-judgment motion, providing the relief for which Appellants pray in this appeal. *See In Re Snyder*, Doc. 204.

## II. DISCUSSION

Pursuant to Federal Rule 8002(a)(1) of Bankruptcy Procedure, a notice of appeal must be filed within fourteen days after the entry of the judgment, order, or decree appealed. If, however, a post-judgment motion is filed under one or more of the prongs set forth in Federal Rule 8002(b)(1) of Bankruptcy Procedure, the time to file a notice of appeal is tolled while that motion is pending. Fed. R. Bankr. P. 8002(b)(1)(A)-(D). Moreover, "[i]f a party files a notice of appeal after the [bankruptcy] court announces or enters a judgment, order, or decree – but before it disposes of any motion listed [in Rule 8002(b)(1)(A)-(D)] – the notice becomes effective when the order disposing of the last such remaining motion is entered." *Id.* 8002(b)(2).

As described above, in the case at bar, Appellants filed a post-judgment motion under Federal Rule 8002(b)(1)(A)-(D) of Bankruptcy Procedure on June 13, 2016, within fourteen days after the

bankruptcy court entered an order denying their "Motion to Avoid Liens Pursuant to 11 U.S.C. § 522(f)(1)." *See In re Snyder*, Doc. 157 ("Order" signed June 1, 2016). Although they appealed the bankruptcy order to this Court three days later, on June 16, 2016, their notice of appeal did not become effective until the bankruptcy court disposed of their motion seeking relief under Rule 8002(b)(1)(A)-(D), Fed. R. Bankr. P., which occurred when the bankruptcy court granted that motion on September 29, 2016. *In re Snyder,* Doc. 204.

Pending before this Court is Appellants' "Motion to Dismiss Appeal" [Doc. 7] on the ground that "this appeal is moot." Doc. 7, ¶ 5. In particular, when the bankruptcy court granted Appellants' post-judgment motion [Doc. 165] on September 29, 2016, it provided the relief Appellants seek in this action. *See In re Snyder*, Doc. 204. Appellants thus assert that the bankruptcy court's order obviated the need for the appeal, rendering it, in Appellants' own words, "moot."

Under Federal Rule 8023 of Bankruptcy Procedure, "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court . . . "[2] The Advisory Committee Notes to the Rule clarify that "[n]othing in the rule prohibits a district court. . . from dismissing an appeal for other reasons authorized by law, such as the failure to prosecute an appeal." The Appellants' asserted legal basis for dismissal is "mootness."

The constitutional mootness doctrine is premised first and foremost "on the fundamental jurisdictional tenet that Federal courts are empowered to hear only live cases and controversies." *In re Delta Air Lines, Inc.*, 386 B.R. 518, 537 (Bankr. S.D.N.Y. 2008) (quoting *Trans World*

---

[2] Moreover, "[t]he clerk of the district court . . . must dismiss an appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due." Fed. R. Bankr. P. 8023. The Murphy appellees have filed no response to the Snyders' motion to dismiss so have neither expressly consented nor objected to dismissal.

*Airlines, Inc. v. Texaco, Inc.* ("*In re Texaco, Inc.*"), 92 B.R. 38, 45 (S.D.N.Y.1988)). *See also* U.S. Const. art. III, § 2 (providing federal courts with judicial power over "cases" and "controversies" relating to, *inter alia*, the laws of the United States). Thus, it is well settled that

> when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for [the appellate] court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal [as moot]."

*In re Texaco Inc.*, 92 B.R. at 45 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). *See also Hall v. Beals*, 396 U.S. 45, 48 (1969) (mootness doctrine "avoid[s] advisory opinions on abstract propositions of law"). Moreover, this principle of mootness "retains its vitality in the context of a bankruptcy appeal." *In re Texaco Inc.*, 92 B.R. at 45 (gathering cases).

"A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome." *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citations and internal quotation marks omitted). "[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." *Id.* (quoting *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir.1993)).

In the case at bar, the Snyders have – through the Order the of bankruptcy court – already received the relief they request by appeal. Constitutionally, they no longer have a justiciable case or controversy.

Alternatively, under the prudential theory of "equitable mootness," this Court is no longer in a position to fashion or implement the relief sought. *See, e.g.*, *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 481 (2d Cir. 2012). *See also In re Chateaugay Corp.*, 10 F.3d 944, 949 (2d Cir. 1993)

("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" by virtue of Article III's "case or controversy" requirement.") (citation omitted).  In the present appeal, not only has an event occurred obviating the need for relief on appeal, the notice of appeal did not even become effective until the bankruptcy court entered its Order on the post-judgment motion which sought the same relief.   Fed. R. Bankr. P. 8002(b)(2).

Lastly, in district court, under Federal Rule 41(a) of Civil Procedure, absent written consent by the defendant(s), "the plaintiff may dismiss an action without a court order by filing:  (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[3] In the district court action of the appeal, the Snyders have filed this motion to dismiss before the opposing parties, the Murphy appellees, have filed an answer or summary judgment motion.  The motion to dismiss may thus also be construed as Appellants' act to voluntarily dismiss their action prior to an opposing party filing an answer or summary judgment motion.

### III.  CONCLUSION

For all of the foregoing reasons, the Court grants the Appellants' motion to dismiss their appeal as moot with each party to bear its own costs.  Appellants are advised that once dismissal of an appeal has been granted on appellants' application, it has long been held that "[u]sually, the courts will not allow it, if the party intend[s] at some future time to bring a new appeal [of the same matter], as the allowance under such circumstances would be unjust to the defendant."  *United States v.*

---

[3] Also, in general, once a case has been appealed, an appellant's request to discontinue his or her appeal "is usually granted on [his/her] application, unless some special reason be shown by the defendant for retaining the case with a view to a determination on the merits." *United States v. Minnesota & N. W. R. Co.*, 59 U.S. 241, 242 (1855).

*Minnesota & N. W. R. Co.*, 59 U.S. 241, 242 (1855).

The case is dismissed pursuant to Fed. R. Bankr. P. 8023, and the Clerk is directed to close the file.

It is SO ORDERED.

Dated:   New Haven, Connecticut
　　　　 January 14, 2017

　　　　　　　　　　　　　　　　　　　　　　　 */s/Charles S. Haight, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　 CHARLES S. HAIGHT, JR.
　　　　　　　　　　　　　　　　　　　　　　　 Senior United States District Judge